NATIONAL UNION FIRE INSURANCE COMPANY, Plaintiff, Appellant, *v.* JOSEPH EHRLICH, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, March, 1924.

Insurance — fire insurance — renewal policy issued by plaintiff retained by defendant for two months and rejected by him when payment was demanded — defendant's retention of policy implied acceptance and created contract — defendant liable for premium.

In an action for the premium upon a renewal fire insurance policy, wherein it appeared that plaintiff's broker sent the policy to the defendant who retained it for two months and then rejected it when a demand was made for payment of the premium, the defendant's retention of the policy implied an acceptance and created a binding contract on which defendant is liable as a matter of law.

BURR, J., dissents.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, dismissing the plaintiff's complaint after trial by the court without a jury.

*Terry Parker*, for appellant.

*Goldberg & Solomon*, for respondent.

PROSKAUER, J. A broker had for some time procured fire insurance policies for defendant. One such expired on December 22, 1921, and on that day the broker sent to defendant a renewal

policy issued by plaintiff and a bill for the premium. Defendant retained the policy and bill for two months and then, in response to demand for payment, rejected the policy. This action is for premium accrued prior to the rejection and plaintiff appeals from dismissal of the complaint.

In 1 Williston on Contracts (p. 169) it is said: " Generally speaking an offeree has a right to make no reply to offers  *  *  *. But the relations between the parties may have been such as to have justified the offeror in expecting a reply  *  *  *. When property is sent to another though not ordered but under such circumstances that the latter knows that payment is expected, the silent acceptance of the property is in effect an assent to the offer of sale implied by the sending of the property."

This principle has been applied to the identical facts here presented.

In Joyce on Insurance (Vol. 1 [2d ed.], 270) it is stated: " The receipt and retention by assured of a renewal policy creates a binding contract," citing *Peever Mercantile Co.* v. *State Mut. Fire Assoc.*, 23 So. Dak. 1.

The situation is analogous with that of a subscriber to a periodical, who, by accepting the periodical after the expiration of his subscription, impliedly engages to pay. See cases cited in 1 Williston Cont. 169, n. 89.

The broker here was not a mere interloper. The previous relations justified him and the plaintiff in assuming that defendant's retention of the policy implied acceptance. If a fire had occurred under these circumstances plaintiff would not have been heard to say that defendant had not accepted the insurance and defendant should pay the premium for the time he unreasonably retained the policy.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY, J., concurs; BURR, J., dissents.

BURR, J. (dissenting). There was a question of fact here. The plaintiff's evidence was insufficient to support its claim. Complaint was properly dismissed.

Judgment reversed.